[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE MOTION TO STRIKE #116
A minor, Daniel Baer, (plaintiff) brings this action through his mother Maryann Baer. The plaintiff claims to have been injured while participating in a floor hockey game which took place during a physical educational class at Algonquin School, Regional School District #16, a grammar school that he attended. The plaintiff has filed a ten count amended revised complaint dated September 10, 1998 against his classmate, Christopher Knapp (minor defendant) and his parents Gregory Knapp and Michelle Knapp (minor defendant's parents) and the Regional School District #16. The first count sounds in negligence against the minor defendant, the fifth count claims negligence against the minor child's parents and the sixth and ten counts seek reimbursement for medical expenses by the mother of the plaintiff against the minor defendant and his parents. The defendants seek to dismiss counts one, five, six and ten. Counts one and five are based in negligence and the counts six and eight are for reimbursement which are predicated on negligence.
In count one the plaintiff alleges that the minor defendant negligently caused the minor plaintiff to be struck in the mouth with a hockey stick. Count five alleges negligence and carelessness on the part of the minor defendant's parents for failure to exercise reasonable care in controlling and CT Page 10225 restraining their minor child. Counts six and ten are claims by the minor plaintiff's mother seeking monetary damages from the minor defendant and the parents of the minor defendant respectively, for the medical expenses she has incurred on behalf of the minor plaintiff.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaintf . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 773, 825,676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998)
The defendants contend that counts one and five of the plaintiff's amended revised complaint are legally insufficient because mere negligence is insufficient to permit recovery for an injury sustained in a team sport. The defendants rely on Jaworskiv. Kiernan, 241 Conn. 399, 696 A.2d 332 (1997), in support of their argument. The plaintiffs attempt to distinguish Jaworski v.Kiernan on multiple grounds, including: (1) there are material differences between a" recreational contact team sport" and a floor hockey game played in physical education class during school hours; (2) Jaworski v. Kiernan involved adults, while the case at bar involves minor children; (3) the participants inJaworski v. Kiernan were voluntary, while in the present case, the children were compelled to participate because the physical education class was a part of their mandatory school curriculum; (4) physical contact is not always accepted as part of the sport when the facts deal with children and physical education class; and (5) the plaintiff is a member of a narrowly defined class of persons exposed to an imminent threat of harm, falling within the "foreseeable class of victims" exception. 9.
In Jaworski v. Kiernan, supra, 241 Conn. 399, the court addressed the issue of participant liability for injuries sustained during team contact sports. The parties in Jaworski
were voluntary participants in a local co-ed recreational soccer CT Page 10226 league. During a routine match, the defendant made contact with the plaintiff, causing the plaintiff to suffer permanent injuries. The plaintiff sued the defendant under theories of both negligence and recklessness. Our Supreme Court held that participants in a team athletic contest owe a duty to refrain only from reckless or intentional conduct toward other participants," and remanded the case accordingly. Id., 402.
The question presented in the instant case, is whether this court finds the distinguishing facts of this case sufficient to depart from the ruling in Jaworski.
Other than the fact that participation in this sporting event was not totally voluntary since it took place during school hours and as a part of a physical educational class, this case is in all other respects is factually similar to Jaworski. Eased on the compelling public policy arguments advanced in Jaworski the fact that the participants here were playing in a gym contest is insignificant. It may even be argued that students would be hesitant to participate or their parents would refuse to allow them to participate in gym class athletic contests if mere negligence would expose them to a lawsuit and therefore the public policy arguments advanced in Jaworski are more compelling in this scenario. In any event, this court finds that Jaworski is controlling and will grant the defendants motion to strike the negligence counts 1 5. Since counts 6 10 seek damages based on negligence the court will grant the Motion to strike those counts as well.
The court, therefore, will grant the defendants Motion to Strike counts 1, 5, 6 10 of the revised amended complaint dated September 10, 1998.
PELLEGRINO, (J) CT Page 10226 — 10227
[EDITORS' NOTE: The case contained on this page is now located on Pages 9573 — 9574] CT Page 10227 — 10239
[EDITORS' NOTE: The case contained on this page is now located on Pages 9675 — 9687] CT Page 10239 — 10249
[EDITORS' NOTE: The case contained on this page is now located on Pages 9687 — 9696] CT Page 10249 — 10255
[EDITORS' NOTE: The case contained on this page is now located on Pages 9696 — 9703] CT Page 10255 — 10257
[EDITORS' NOTE: The case contained on this page is now located on Pages 9703 — 9705] CT Page 10257 — 10261
[EDITORS' NOTE: The case contained on this page is now located on Pages 9705 — 9708] CT Page 10261 — 10262
[EDITORS' NOTE: The case contained on this page is now located on Pages 9708 — 9710] CT Page 10262 — 10263
[EDITORS' NOTE: The case contained on this page is now located on Pages 9710 — 9710] CT Page 10263 — 10270
[EDITORS' NOTE: The case contained on this page is now located on Pages 9710 — 9717] CT Page 10270 — 10277
[EDITORS' NOTE: The case contained on this page is now located on Pages 9717 — 9725] CT Page 10277 — 10289
[EDITORS' NOTE: The case contained on this page is now located on Pages 9725 — 9737] CT Page 10289 — 10320
[EDITORS' NOTE: The case contained on this page is now located on Pages 9737 — 9743] CT Page 10320 — 10322
[EDITORS' NOTE: The case contained on this page is now located on Pages 9776 — 9778] CT Page 10322 — 10325
[EDITORS' NOTE: The case contained on this page is now located on Pages 9778 — 9781] CT Page 10325 — 10328
[EDITORS' NOTE: The case contained on this page is now located on Pages 9781 — 9784] CT Page 10328 — 10330
[EDITORS' NOTE: The case contained on this page is now located on Pages 9783 — 9786] CT Page 10330 — 10332
[EDITORS' NOTE: The case contained on this page is now located on Pages 9789 — 9790] CT Page 10332 — 10336
[EDITORS' NOTE: The case contained on this page is now located on Pages 9790 — 9794] CT Page 10336 — 10342
[EDITORS' NOTE: The case contained on this page is now located on Pages 9794 — 9800] CT Page 10342 — 10346
[EDITORS' NOTE: The case contained on this page is now located on Pages 9800 — 9805] CT Page 10346 — 10349
[EDITORS' NOTE: The case contained on this page is now located on Pages 9805 — 9807] CT Page 10349 — 10352
[EDITORS' NOTE: The case contained on this page is now located on Pages 9807 — 9810] CT Page 10352 — 10354
[EDITORS' NOTE: The case contained on this page is now located on Pages 9810 — 9813] CT Page 10354 — 10360
[EDITORS' NOTE: The case contained on this page is now located on Pages 9813 — 9819] CT Page 10360 — 10364
[EDITORS' NOTE: The case contained on this page is now located on Pages 9818 — 9822] CT Pages 10364 — 10373
[EDITORS' NOTE: The case contained on this page is now located on Page 9822 — 9831.] CT Page 10373 — 10376
[EDITORS' NOTE: The case contained on this page is now located on Pages 9831 — 9835] CT Page 10377 — 10384
[EDITORS' NOTE: The case contained on this page is now located on Pages 9835 — 9843] CT Page 10385